**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000768
17-MAR-2023
08:09 AM
Dkt. 95 SO**

NO. CAAP-17-0000768

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOSEPH B. BERNABE, Appellant-Appellant,
v.
EMPLOYEES' RETIREMENT SYSTEM, STATE OF HAWAI'I,
Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 16-1-0314)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

In this secondary appeal, Appellant-Petitioner Joseph
B. Bernabe (**Bernabe**) appeals from the (1) August 4, 2017
"Decision and Order" affirming the Final Decision by Appellee-
Respondent Employees' Retirement System, State of Hawai'i (**ERS**)
(**ERS Final Decision**),[1] denying Bernabe's application for service-
connected disability retirement, and (2) October 5, 2017 Final
Judgment, both filed and entered by the Circuit Court of the
Third Circuit (**Circuit Court**).[2]

Bernabe raises a single point of error on appeal, that
the Circuit Court erred by making the following "finding as a
matter of law" in its Decision and Order:

---

[1]     The ERS Final Decision adopted the "Hearings Officer's Findings of
Fact [(**FOFs**)], Conclusions of Law [(**COLs**)] and Recommended Decision" filed
October 28, 2015.

[2]     The Honorable Greg K. Nakamura presided.

> The application of the analysis set forth in the *Akamine*[3] case to the issue of service connected disability retirement would necessarily reverse the burden of proof by imposing upon the ERS the burden of proving that a cardiac condition was not the result of an accident occurring while [in] the actual performance of duty. As seen in the evidence in this case, a cardiac condition can have a myriad of causes, including work. Once the employee produces any evidence that a cardiac condition was caused to any degree by employment **which will nearly always be the case, then the ERS would then be forced to prove that the cardiac condition was not caused to any degree by employment in order to avoid the grant of the service-connected disability retirement. <u>That will almost never occur</u>. The consequence is that any employee who is permanently incapacitated because of a cardiac condition will automatically be entitled [to] service-connected disability retirement. <u>This is certainly not a consequence contemplated by the Hawaiʻi State Legislature</u>**. Thus, the analysis in *Akamine* should not be applied to the issue of service-connected disability retirement.

(Bolding and emphases in original) (footnote added).[4]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Bernabe's point of error as follows, and affirm.

The following background is from the unchallenged portions of the Circuit Court's Order.[5]

Bernabe sought benefits under Hawaii Revised Statutes (**HRS**) § 88-79(a) (2012), which provides:

---

[3]      In <u>Akamine v. Hawaiian Packing & Crating Co.</u>, 53 Haw. 406, 408, 495 P.2d 1164, 1166 (1972), the supreme court held, in the context of a workers' compensation case, that if doubt exists as to whether an injury is work-related, the doubt will be resolved in favor of the claimant, and that "the employer [has] the burden of going forward with the evidence and the burden of persuasion."

[4]      Bernabe challenges an aspect of the Circuit Court's analysis in the Decision and Order affirming its review of the ERS Final Decision, and does not challenge any FOFs or COLs in the Circuit Court's Decision and Order, or the Hearings Officer's FOFs and COLs adopted in the ERS Final Decision. <u>See</u> Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) (requiring that the point of error include a quotation of the challenged FOF or COL or reference to appended FOFs and COLs).

[5]      Unchallenged FOFs and COLs are binding. <u>See Kelly v. 1250 Oceanside Partners</u>, 111 Hawaiʻi 205, 227, 140 P.3d 985, 1007 (2006) (citations omitted); <u>Amfac, Inc. v. Waikiki Beachcomber Inv. Co.</u>, 74 Haw. 85, 125, 839 P.2d 10, 31 (1992).

> **Service-connected disability retirement.** (a) Upon application of a member, or the person appointed by the family court as guardian of an incapacitated member, any member who has been permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place, or as the cumulative result of some occupational hazard, through no wilful negligence on the member's part, may be retired by the board for service-connected disability[.]

(Ellipses omitted). Bernabe argued that he suffered from two conditions that resulted in permanent incapacity qualifying for service-connected disability retirement under HRS § 88-79(a): a psychiatric condition and a cardiac condition. With regard to the psychiatric condition, the Circuit Court concluded: "the Hearings Officer's mixed [FOF and COL] that Bernabe was not permanently incapacitated because of his psychiatric condition was not clearly erroneous." With regard to the cardiac condition,[6] the Circuit Court concluded that the Hearings Officer's mixed finding and conclusion that: Bernabe was "likely to be 'permanently incapacitated by his cardiac condition'" but that such "permanent incapacity resulting from his cardiac condition was 'not the natural and proximate result of an accident'" -- was not clearly erroneous. Accordingly, the Circuit Court affirmed the ERS Final Decision denying Bernabe's application for service-connected disability benefits. Bernabe timely appealed.

On secondary review of a circuit court's review of an agency's decision,

---

[6]    With regard to the cardiac condition, the Hearings Officer found and concluded that:

> The evidence presented showed that [Bernabe]'s heart attack occurred while he was on sick leave, and at home at 6:00 p.m. reading documents related to a complaint he filed with the Equal Employment Opportunity Commission ("EEOC"). [Bernabe]'s heart attack did not occur on the employer's premises and [Bernabe] was not doing what the employer required at a time and place he was required to do it. Accordingly, the Hearings Officer finds that [ ] [Bernabe]'s heart attack did not occur "while in the actual performance of duty". . . .

> [t]he standard of review is one in which [the appellate] court must determine whether the circuit court was right or wrong in its decision, applying the standards set forth in HRS § 91-14(g) (1993) to the agency's decision.
>
> HRS § 91-14, entitled "Judicial review of contested cases," provides in relevant part:
>
> (g)  Upon review of the record the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> > (1)  In violation of constitutional or statutory provisions; or
> >
> > (2)  In excess of the statutory authority or jurisdiction of the agency; or
> >
> > (3)  Made upon unlawful procedure; or
> >
> > (4)  Affected by other error of law; or
> >
> > (5)  Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
> >
> > (6)  Arbitrary, or capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
>
> Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects under subsection (3); findings of fact under subsection (5); and an agency's exercise of discretion under subsection (6).

United Pub. Workers, AFSCME, Local 646, AFL-CIO v. Hanneman, 106 Hawaiʻi 359, 363, 105 P.3d 236, 240 (2005) (brackets omitted) (quoting Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi 412, 416, 91 P.3d 494, 498 (2004)).

Bernabe's point of error challenges the Circuit Court's conclusion that it was inappropriate to apply the workers' compensation analysis in Akamine to service-connected disability retirement and to the cardiac condition in this case.  Bernabe asserts that the Circuit Court "raised this issue *sua sponte*," and that Bernabe "did not suggest or argue that the Circuit Court adopt or use the workers compensation presumption for workplace injuries under Sec. §386-3(a), HRS, to [Bernabe]'s request for

4

service connected disability." Bernabe's contention of error lacks merit.

Bernabe's claim that the Circuit Court raised the applicability of the workers' compensation analysis to Bernabe's case sua sponte, is erroneous. The record reflects that Bernabe himself raised this issue before the ERS Hearings Officer, and the Circuit Court incorporated the Hearings Officer's rejection of Bernabe's argument into the Decision and Order, as follows:

> Although [Bernabe] cited cases which found that heart attacks occurring after work hours and not in the work place were considered to be "accidents" for purposes of workers' compensation, the Hearing Officer declines to follow those cases as "a workers' compensation decision is not binding in the disability retirement arena, in part because there is no presumption of compensability in disability retirement as there is in workers' compensation."

(Internal brackets omitted). Thus, Bernabe's contention that the Circuit Court erroneously "raised this issue *sua sponte*" is incorrect.

Bernabe also argues that the Circuit Court's ruling that "disabilities which are aggravated outside work hours and the workplace, cannot qualify as a service connected disability" under HRS § 88-79, erroneously "imposed an absolute prohibition on cases involving injuries occurring outside of the workplace," created a "higher standard of proof," and is "contrary to the purpose and intent" of HRS § 88-79 and supreme court decisions. Bernabe cites various cases and points to evidence in the record to argue that injuries occurring outside of the workplace can be work-related and that his cardiac condition was work-related.

Bernabe's argument misstates and mischaracterizes the Circuit Court's ruling. The Circuit Court simply concluded that workers' compensation cases such as <u>Akamine</u> do not apply to the issue of service-connected disability retirement cases because they require different standards of burdens of proof; not because injuries that occur outside of work hours and the workplace can never be work-related. The Circuit Court, quoting <u>Panado v. Bd. of Trs. Emps.' Retirement Sys.</u>, 134 Hawaiʻi 1, 11, 332 P.3d 144,

5

154 (2014) (citing Hawaii Administrative Rules (**HAR**) § 6-23-31),[7] accurately explained that in disability retirement benefit cases, "[t]he party initiating the ERS proceeding 'shall have the burden of proof, including the burden of producing evidence and the burden of persuasion. . . . The degree or quantum of proof shall be a preponderance of the evidence.'" See also Hua v. Bd. of Trs. of the Emps.' Retirement Sys., State of Haw., 112 Hawai'i 292, 300-01, 145 P.3d 835, 843-44 (App. 2006) ("[T]he two systems are entirely separate, and [] a workers' compensation decision is not binding in the disability arena, in part because there is no presumption of compensability in disability retirement as there is in workers' compensation[.]").

The Hearings Officer found, in unchallenged FOFs 22, 25, 29, 37, and 40, and in its mixed finding and conclusion, that: when Bernabe's cardiac condition occurred, Bernabe had not been at work for several months prior to the cardiac condition; that at the time of the cardiac condition, Bernabe was not performing janitorial services or at a place required of him by his employer; that Bernabe had a medical history of "hypertension, hyperlipidemia, diabetes and obesity[;]" and that Bernabe had not shown by a preponderance of evidence that the cardiac condition occurred "while in the actual performance of duty."

The Circuit Court was not wrong in affirming the ERS Final Decision and finding that the cardiac condition was not work-related. See United Pub. Workers, 106 Hawai'i at 363, 105 P.3d at 240.

---

[7]     HAR § 6-23-31 (2009) states:

Except as otherwise provided by law, the party initiating the proceeding shall have the burden of proof, including the burden of producing evidence and the burden of persuasion. The party having the burden of proof shall proceed first in the presentation of opening statements, evidence, witnesses, and arguments, followed by the other party. The degree or quantum of proof shall be a preponderance of the evidence.

6

For the foregoing reasons, we affirm the August 4, 2017 Decision and Order and the October 5, 2017 Final Judgment filed and entered by the Circuit Court of the Third Circuit.

DATED:  Honolulu, Hawaiʻi, March 17, 2023.

On the briefs:

Ted H.S. Hong,
for Appellant-Appellant.

Jodi L.K. Yi,
Deputy Attorney General,
for Appellee-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge